Filed 5/18/26  MIP v. Mercado CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| MIP, LLC,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>CRISTINA MERCADO,<br><br>      Defendant and Respondent. | B345709<br>(Los Angeles County<br> Super. Ct. No. 21BBCV00628) |

APPEAL from judgment and order of the Superior Court of the County of Los Angeles, Jared D. Moses, Judge.  Affirmed.

Law Office of Ami Meyers and Ami Meyers for Plaintiff and Appellant.

Law Offices of Charles O. Agege and Charles O. Agege for Defendant and Respondent.

Plaintiff MIP, LLC (MIP) appeals from judgment entered in favor of defendant Cristina Mercado (Mercado) after a bench trial. In addition, it appeals from an order denying its motion to vacate the judgment. MIP failed to provide a record sufficient to demonstrate error. We affirm.

## PROCEDURAL BACKGROUND

### A.    Complaint and Pretrial Proceedings

We summarize the relevant allegations of MIP's complaint against Monitor Polishing & Plating, Inc. (the tenant), Mercado, and Miguel Mercado (Miguel[1]). In 2005, the tenant agreed to lease commercial property from MIP, and concurrently, Mercado and Miguel executed a guaranty of the tenant's obligations. The tenant failed to pay rent and damaged the property by using hazardous substances. MIP asserted claims for breach of contract and breach of the guaranty against the tenant and the guarantors, respectively, and claims for trespass and nuisance against all defendants. MIP sought unpaid rent and remediation expenses of $181,255.25 and attorney fees.

In January 2024, the tenant and Miguel settled with MIP. They agreed MIP would take judgment against them in the principal amount of $75,000, but the obligation could be fully satisfied by payment of a lesser amount according to an agreed-upon schedule. Mercado did not sign the settlement agreement. The settlement payments were not made, and MIP successfully moved to enforce the settlement agreement. Judgment in the

---

[1]    Because respondent Mercado and Miguel Mercado share a surname, we refer to the latter by his first name. No disrespect is intended.

amount of $80,676.38 was entered against the tenant and Miguel in September 2024.

In mid-October 2024, MIP propounded requests for admission upon Mercado. They asked her to admit she entered into the guaranty, had no defenses, caused MIP to incur damages of at least $220,000 by damaging the property and failing to pay rent, and was responsible for attorney fees of at least $50,000.

When Mercado did not respond, MIP moved to have the requests deemed admitted. In lieu of an opposition, Mercado filed belated responses to the requests. The court issued its order granting the motion (RFA Order) on December 27, 2024.

## B. Trial

A bench trial commenced on January 7, 2025, but the appellate record does not reflect much about what occurred during the trial. The record omits a reporter's transcript, settled statement, trial exhibits, the register of actions, and a complete set of pretrial and trial orders. The minutes of the first day of trial indicate that MIP called one witness and introduced 36 exhibits into evidence, including the requests for admission and the RFA Order. An in-chambers meeting with counsel was held, after which both sides rested. The court directed the parties to present authority regarding the settlement's effect on Mercado's liability.

The parties filed briefs. Mercado argued her liability as a guarantor was exonerated under Civil Code section 2819[2] because

---

[2] "A surety is exonerated . . . if by any act of the creditor, without the consent of the surety the original obligation of the principal is altered in any respect, or the remedies or rights of the creditor against

3

the settlement agreement impaired MIP's remedies and altered the tenant's original obligation without her consent.

Trial resumed on January 29, 2025, and after hearing argument, the court found "insufficient evidence to hold Ms. Mercado responsible in this matter." Judgment was entered in favor of Mercado.

## C.    Motion to Vacate Judgment

MIP moved to vacate the judgment pursuant to Code of Civil Procedure section 663, arguing the RFA Order conclusively established Mercado's liability for damages of $220,000 and attorney fees.

In her opposition, Mercado argued her admissions should not be given conclusive effect. She argued they were vague, ambiguous, and susceptible to other meanings, as well as misleading when viewed in light of the evidence presented and the court's findings made at trial.

The trial court denied the motion, stating it had "already evaluated both sides' evidence at trial, at which time the Court determined that [Mercado's] guaranty liability was exonerated and the evidence in the briefs, which was contradictory to the admissions, properly established that [Mercado] is not liable for [MIP's] damages." Further, after weighing the parties' evidence at trial, it "found that, notwithstanding the admissions, there is insufficient evidence to hold [Mercado] responsible in this matter." Whether the court explained its decision further is unknown because MIP has not furnished a transcript of the hearing.

the principal, in respect thereto, in any way impaired or suspended. . . ." (Civ. Code, § 2819.)

4

MIP appealed from the judgment and order denying the motion to vacate.

## DISCUSSION

On appeal, MIP argues that Mercado's admissions conclusively established her liability for $220,000 in damages and attorney fees. MIP contends the trial court erred in finding insufficient evidence to support a judgment in MIP's favor. According to MIP, the court should have granted its motion to vacate the judgment.

### A.     The Trial Judgment

MIP asserts the substantial evidence standard of review should be applied in this appeal. Where, as in this case, the appellant failed to carry its burden of proof at trial, it is "'misleading to characterize [a] failure-of-proof issue as whether substantial evidence supports the judgment.' [Citations.]" (*St. Mary & St. John Coptic Orthodox Church v. SBC Ins. Services, Inc.* (2020) 57 Cal.App.5th 817, 828–829.) Instead, the question for a reviewing court is whether the evidence compels a finding in favor of the appellant as a matter of law. (*Id.* at p. 829.) We ask whether the appellant's evidence was (1) uncontradicted and unimpeached and (2) of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding. (*Ibid.*) Based upon the record provided, MIP cannot make this showing.

"Although admissions are dispositive in most cases, a trial court retains discretion to determine their scope and effect." (*Fredericks v. Kontos Industries, Inc.* (1987) 189 Cal.App.3d 272, 277.) Sometimes an admission is misleading or ambiguous. In

5

analyzing such an admission, the court must ensure "that it accurately reflects what facts are admitted in the light of other evidence." (*Ibid*.)[3]

Here, MIP, as the party challenging a trial judgment, had the burden to show reversible error by an adequate record, and it has not done so. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) MIP's failure to furnish a reporter's transcript or settled statement prevents us from knowing the conditions under which the court received the requests and RFA Order into evidence, its interpretation of each admission, evidence that informed its decision on each admission's scope and effect, and its specific findings. Without a trial transcript or settled statement, we must "presume[ ] that the trial court acted duly and regularly and received substantial evidence to support" its implied finding that the admissions left room for the introduction of evidence bearing on exoneration. (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20 (*Stevens*).) We must further presume there was substantial evidence introduced to support the trial court's judgment in favor of Mercado. (*Ibid*.)

## B.    Motion to Vacate the Judgment

MIP's challenge to the order denying its motion to vacate mirrors its challenge to the judgment. MIP argues Mercado's admissions conclusively established liability, damages, and the absence of any defense. Because MIP has not shown the trial

---

[3]    MIP cites cases stating the general rule that matters admitted through requests for admission may not be contested. These cases are distinguishable because they did not involve questions as to the scope and effect of admissions that were asserted to be misleading or susceptible of other meanings.

court erred in treating the admissions as inconclusive, it also has shown no basis for vacating the judgment. MIP does not show that the court was compelled as a matter of law to enter judgment in its favor.

MIP argues, in the alternative, that the judgment should have been vacated because no evidence was presented at trial to support an exoneration defense. This argument is forfeited as MIP did not raise it in its motion to vacate. (*Cook v. University of Southern California* (2024) 102 Cal.App.5th 312, 325.) Furthermore, the absence of trial transcript or settled statement precludes MIP from challenging the sufficiency of the evidence supporting exoneration. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992.) We must again presume the trial court received substantial evidence to support its exoneration finding. (*Stevens, supra,* 129 Cal.App.2d at p. 20.)[4]

---

[4] The limited record provides reason to believe the trial court received evidence bearing on exoneration. Mercado attached a copy of the settlement agreement to her exhibit list. The minutes indicate defense counsel cross-examined MIP's witness, Adom Ratner-Stauber, who signed the agreement. After hearing his testimony, the court asked for briefing on the settlement's effect on Mercado's liability.

## DISPOSITION

The judgment and order denying the motion to vacate are affirmed.  Mercado shall recover her costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:


ZUKIN, P. J.


TAMZARIAN, J.